P. COHEN ET AL. *v.* TIP GAMBLE.

ATTACHMENT.   *Non-resident partner.*   *Code* 1892, §§ 127, 2353.

> Under § 2353, code 1892, authorizing creditors to pursue separately one or
> more of several partners or debtors jointly liable, the separate property
> of a non-resident member of a firm domiciled in this state may be at-
> tached by firm creditors on the ground of such non-residence. Sec. 127 of
> the code, making partnership property liable to attachment where the
> grounds therefor (except non-residence) exist against either partner,
> does not change this.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

Attachment in the court below by Cohen against Gamble, sued out May 10, 1893. The affidavit alleges that the defendant, Gamble, is indebted to plaintiff in the sum of $1,398.90. The grounds for the attachment, as alleged in the affidavit, are (1) that said defendant is a non-resident of this state; (2) that he has removed, or is about to remove, himself or his property out of this state. The writ was issued and levied upon certain lands of the defendant in Leflore county. It was shown that the defendant resided at Nashville, Tennessee, and publication was made, giving him notice of the suit.

Plaintiff filed his declaration, alleging that, in 1890, the defendant, Gamble, operated a public gin in said Leflore county, and received from Charles Marshall and Julius Scales certain cotton to be ginned, which, by reason of the negligence of the defendant, was destroyed by fire, and that the claims of said parties were assigned to him. The accounts in favor of Marshall and Scales, filed with the declaration, were made out against McLean Bros. & Gamble; but the attachment and declaration made no reference to any partnership liability. The defendant appeared, and filed a plea in

abatement, alleging, as ground for dismissal of the attachment, that the claim of plaintiff was based in fact on a claim against the agricultural firm of McLean Bros. & Gamble, and not against the defendant individually; that J. L. McLean and George A. McLean, members of said firm, were resident citizens of Montgomery county, Mississippi, the defendant being a resident of Nashville, Tennessee; that McLean Bros. & Gamble were, at the time of the alleged loss of the cotton, lessees and operators of the gin, and, having received the cotton alleged to have been destroyed, the firm, and not Gamble individually, was liable for any loss; that said partnership continued to exist, and that the said J. L. and George A. McLean being residents, the attachment could not be sustained against the defendant on the ground of his non-residence.

For further plea in abatement, answering the second ground of attachment, the defendant alleged that he had not removed, nor was he about to remove, himself or his property out of the state. He also filed a claim for damages for the wrongful suing out of the attachment.

Plaintiff demurred to the plea of defendant filed in respect to the right to maintain attachment. By leave of court, the defendant withdrew his traverse of the second ground. Plaintiff's demurrer to the plea was overruled. Thereupon, plaintiff declining to reply to the plea, a judgment was entered dismissing the attachment. On motion of defendant, a writ of inquiry was awarded to assess his damages for the wrongful suing out of the attachment, and damages were awarded in the sum of $260. Plaintiff excepted to the action of the court in awarding the writ of inquiry, and at the same time moved for judgment on the merits, because of the failure of defendant to plead to the declaration; the motion was overruled.

Section 2353, code 1892, provides that on joint or joint and several obligations, or on a contract of partners, it shall be lawful to sue any one or more of the parties liable. The

first clause of § 127 is as follows : " In case any one or more partners shall be liable to attachment on any of the enumer-ated grounds therefor save the first, an attachment may be maintained against said partner, or all of the partners, by the partnership creditors; and the property of the partner-ship, in either case, may be levied on and dealt with in all respects as if the grounds of attachment existed as to all of the partners."

From the judgment in favor of defendant, plaintiff appeals.

*A. H. Longino* and *Rush & Gardner,* for appellant.

The right of the plaintiff to pursue one or more of several persons liable exists under § 2353, code 1892, and it is given also as a part of the attachment law, § 126 of the code. The creditor may select which debtor he will pursue, and he may elect to proceed by a simple suit or by attachment where the grounds exist. Section 127 of the code was not intended to restrict the meaning of §§ 125, 126, but merely provides an additional remedy against partnership property for the fraud-ulent conduct of any member of the firm. It does not ex-empt the individual property of non-resident partners from liability under the general law for their individual debts. On this point, we refer to *Hyman* v. *Stadler,* 63 Miss., 362, and *Scharff* v. *Noble,* 67 *Ib.,* 143.

*Somerville & McLean,* for appellee.

By § 127, code 1892, partners are exempted from attach-ment on the ground of non-residence. If the non-residence of a partner were ground for attachment, his property in this state could be seized whenever a partnership debt should re-main unpaid for a day. An innocent partner might be in-volved in litigation on account of the conduct of his associ-ates, without opportunity of resorting to the effects of the firm for indemnity. But it is not for us to show a reason for the law. *Ita lex scripta est.*

Attachment laws confer extraordinary remedies, which are

to be confined to the cases embraced within their terms. 1 Smed. & M., 165. There a non-resident plaintiff was held not entitled to maintain attachment, and the court said it was needless to inquire why, because of the language of the statute.

Where partners are non-residents, attachment will lie. Code 1892, § 128. This is because, in such cases, none of the partners can be served with ordinary processes, as can be done when some of the partners are resident. In cases like the present, the provisions of § 127 of the code, authorizing an attachment against all the partners on certain grounds, and § 3436, authorizing service of process on one partner where some are non-residents, were deemed sufficient to protect creditors.

Section 2353 of the code applies only to personal actions on joint and several contracts, and does not affect the limitation on the right of attachment against partners contained in § 127.

Section 126 of the code applies in cases of joint debtors, and not in cases of partnership. There is no reason for limiting the provision of § 127 to partnership property. The non-resident partner is exempt from attachment. *A fortiori*, his separate property is not liable. The assets of the firm are deemed sufficient to meet liabilities and protect creditors. It would be an unwise policy to enact such laws as would drive the capital of non-resident partners from the state. Here the plaintiff had a remedy by attachment in chancery.

CAMPBELL, C. J., delivered the opinion of the court.

Section 127 of the code of 1892, is an enabling act, and does not abridge any right. It makes any ground for attachment against any of the partners, except the first ground, which is non-residence, ground for attachment against all the partners, as if all were parties to the ground. It makes the act of one the act of all, so far as to subject partners and partnership property to attachment, on every ground for attachment except non-residence.

A creditor of a partnership may pursue any member of the partnership, individually, and is not hindered by § 127. This right exists by virtue of § 2353, code 1892. Section 126 has no influence on the question, and, indeed, is useless, except to declare the law existing independently of it.

*Reversed, and demurrer to the plea sustained, and leave to defendant to answer over.*